# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 26, 2007**

Charles R. Fulbruge III
Clerk

No. 06-41623
Summary Calendar

CHRISTOPHER GARRETT

Plaintiff-Appellant

v.

KENNETH PARTIN; ELENO QUINONEZ; DEREK SARTIN; LARRY ADAMCIK; UNKNOWN CORRECTIONAL OFFICER #1; UNKNOWN CORRECTIONAL OFFICER #2; UNKNOWN CORRECTIONAL OFFICER #3; JOYCE MILLER; SANDRA EMSOFF; B BURNS; SANDRA CRAWFORD; WINNIE BAKER; RHONDA MCQUEEN

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District District of Texas
USDC No. 6:05-CV-493

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Christopher Garrett, Texas inmate # 786065, proceeding pro se and in forma pauperis, appeals the district court's dismissal of his civil rights complaint pursuant to 42 U.S.C. § 1997e for failure to exhaust administrative remedies.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garrett contends that he filed a Step One grievance based on deliberate indifference but could not timely file it because he was first in a hospital and then in a prison infirmary during the fifteen-day period allowed him by prison procedures for filing a Step One grievance. The magistrate judge noted in his consent opinion that the evidence showed Garrett had filed another, unrelated grievance based on a disciplinary matter that was timely filed within the fifteen-day period during which Garrett had to file his Step One grievance on the deliberate indifference matter. Thus, the magistrate judge concluded Garrett could have also timely filed the latter grievance.

We review de novo a dismissal of a 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e. Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003). As amended, 42 U.S.C. § 1997e(a) (West 2003) provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion is mandatory, and we have strictly construed the exhaustion requirement of 42 U.S.C. § 1997e. Days, 322 F.3d at 866.

In Days, a Texas inmate alleged that he was unable to comply timely with the prison grievance procedure due to a serious injury. We vacated the district court's dismissal of his complaint for failure to exhaust administrative remedies and remanded the case. We determined that because Days's injury prevented him from timely filing a grievance and his untimely grievances were returned unprocessed, Days had exhausted the administrative remedies that were personally available to him. 322 F.3d at 867.

Unlike the inmate in Days, the evidence properly admitted into court shows that Garrett did not attempt to exhaust the administrative remedies that were personally available to him. Accordingly, we AFFIRM the dismissal of

2

Garrett's civil rights complaint for failure to exhaust available administrative remedies.

AFFIRMED.