In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-2745

JOSEPH R. HURST,

*Plaintiff-Appellant*,

*v.*

TRAVIS HANTKE, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 09 C 50288—**Frederick J. Kapala**, *Judge*.

SUBMITTED JANUARY 20, 2011—DECIDED FEBRUARY 10, 2011

Before POSNER, EVANS, and HAMILTON, *Circuit Judges*.

POSNER, *Circuit Judge*. The plaintiff, an inmate in an Illinois state prison, brought suit under 42 U.S.C. § 1983 claiming that the prison's medical staff had been deliberately indifferent to his need for medical care for a stroke, and by that deliberate indifference had inflicted cruel and unusual punishment on him, in violation of his federal constitutional rights. The district court granted summary judgment for the defendants on the ground that the plaintiff had failed to exhaust his

internal prison remedies, as required by the Prison Litigation Reform Act. See 42 U.S.C. § 1997e(a).

He had filed a grievance, but not until eight and a half months after his alleged stroke, and the grievance was denied because, under Illinois law, to be timely a grievance must be filed within 60 days of the event giving rise to it. 20 Ill. Admin. Code § 504.810(a). He appealed the denial, claiming that he'd been left "almost totally incapacitated" by his stroke "until just recently." Although "good cause" will excuse an untimely filing, *id*., the prison's administrative review board rejected the excuse on the ground that "no justification [had been] provided for additional consideration." No further explanation was given. The district court ruled that the plaintiff had failed to exhaust his administrative remedies because he had presented no evidence to support his claim of incapacitation either to the prison authorities, or to the district court in response to the defendants' motion for summary judgment.

The two rulings have to be separated. The Illinois Administrative Code does not require a prisoner to attach evidence to a claim of good cause, any more than the Federal Rules of Civil Procedure require a plaintiff to attach evidence to his complaint. Nor did the prison authorities tell the plaintiff that he had to attach evidence to his claim of good cause. They just said "no justification," leaving him to guess what one has to do to justify good cause for an untimely filing, beyond explaining what the good cause consists of. It is true that an untimely filing can be considered only if the grievant

"can *demonstrate* that a grievance was not timely filed for good cause," 20 Ill. Admin. Code § 504.810(a) (emphasis added), but that is just to say, as far as we can tell, that if the prison insists on evidence to substantiate the claim, the prisoner must supply evidence. The prison never gave the plaintiff an opportunity to do so.

Apparently Illinois prison authorities do not routinely insist on evidence when they instruct an inmate to demonstrate good cause for having filed an untimely grievance, for in another case we have noted that an Illinois prison's administrative review board would have found good cause for an untimely grievance had the inmate provided, at the board's request, merely an *explanation* for the delay. *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); see also *Dole v. Chandler*, 438 F.3d 804, 807 (7th Cir. 2006).

The Illinois code requires that the grievance contain "factual details regarding each aspect of" it, 20 Ill. Admin. Code § 504.810(b), but doesn't require that of a claim of good cause for an untimely filing; and even if it did, a requirement of detailed pleading ("fact pleading") is not the same thing as a requirement of attaching evidence to a pleading—an extremely unusual requirement. Imagine dismissing a complaint on the ground that although it stated a claim, the plaintiff had failed to submit with the complaint evidence establishing the accuracy of the factual allegations in the complaint. Yet that was the prison's ground for rejecting our plaintiff's claim of good cause to file an untimely grievance.

A prisoner is required to exhaust only "available" administrative remedies, 42 U.S.C. § 1997e(a); *Woodford*

*v. Ngo,* 548 U.S. 81, 102 (2006), and a remedy is not available if essential elements of the procedure for obtaining it are concealed. *Dole v. Chandler, supra,* 438 F.3d at 810; *Bryant v. Rich,* 530 F.3d 1368, 1373 n. 6 (11th Cir. 2008). Apparently the plaintiff's prison has created a secret supplement to the state's administrative code, requiring that claims of good cause for an untimely filing be accompanied by evidence.

In its brief in this court the state refuses even to acknowledge that physical incapacitation is good cause for an untimely filing. The implication is that even if the plaintiff had been in a coma for 60 days after the allegedly willful failure to treat his stroke promptly, he would have forfeited his administrative remedies, thus blocking his access to the federal courts. It is hard to believe that this is a correct interpretation of the Illinois code's failure to state that physical incapacity can be good cause for an untimely filing. (Compare the grievance procedure for federal prisoners, which provides that "an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal" is a "valid reason for delay" in filing a grievance. 28 C.F.R. § 542.14(b); *McCoy v. Gilbert,* 270 F.3d 503, 510-11 (7th Cir. 2001).) In any event, an administrative remedy that would be forfeited for failure to comply with a deadline that in the circumstances could not possibly be complied with would not be "available" within the meaning of 18 U.S.C. § 1997e(a), as held in *Days v. Johnson,* 322 F.3d 863, 867-68 (5th Cir. 2003) (per curiam). (An unrelated ruling in *Days*, involving burden of proving exhaustion, was rejected in *Jones v. Bock*, 549

U.S. 199, 216 (2007). See, e.g., *Dillon v. Rogers*, 596 F.3d 260, 267 (5th Cir. 2010).)

But when the plaintiff sued, and the defendants moved for summary judgment, it behooved him to present evidence to support his contention that he had indeed exhausted his available administrative remedies by filing a grievance as soon as it was reasonably possible for him to do so. *Obriecht v. Raemisch*, 517 F.3d 489, 492-93 (7th Cir. 2008). Although warned by the district court that he had to meet the motion for summary judgment with evidence, the plaintiff presented none. And so he lost. But we think it worth emphasizing that he did not lose because Illinois law requires a grievant to attach evidence to a claim of good cause for an untimely grievance—it does not—or because physical incapacitation is not good cause within the meaning of the term in the Illinois code—it is good cause. It better be, because we agree with *Days v. Johnson* and the decisions following it (none is to the contrary)—*Dillon v. Rogers*, *supra*, 596 F.3d at 267; *Johnson v. Ford*, 261 Fed. App'x 752 (5th Cir. 2008); *Garrett v. Partin*, 248 Fed. App'x 585 (5th Cir. 2007); *Tate v. Howes*, 2010 WL 2231812, at *2 (W.D. Mich. June 2, 2010); *Braswell v. Corrections Corp. of America*, 2009 WL 2447614, at *8 (M.D. Tenn. Aug. 10, 2009); *Williams v. Hurley*, 2007 WL 1202723 (S.D. Ohio Apr. 23, 2007)—that a remedy is not "available" within the meaning of the Prison Litigation Reform Act to a person physically unable to pursue it.

AFFIRMED.