In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-1875

BAHRI BEGOLLI,

*Plaintiff-Appellant,*

*v.*

HOME DEPOT U.S.A., INC. and
MATT SPENCER,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 11-cv-380-bbc—**Barbara B. Crabb**, *Judge*.

SUBMITTED NOVEMBER 7, 2012—DECIDED NOVEMBER 29, 2012

Before POSNER, FLAUM, and KANNE, *Circuit Judges*.

POSNER, *Circuit Judge*.  The plaintiff sued Home Depot and one of its personnel managers claiming that the company had refused to hire him because of his national origin, which is Albanian, in violation of Title VII. According to the defendants, another of the firm's personnel managers had called the plaintiff on August 27, 2007, and told him he wouldn't be hired. The plaintiff filed

discrimination complaints with the EEOC and its Wisconsin counterpart on June 26 of the following year, which was 304 days after August 27. That was too late if indeed he was told on August 27 that he would not be hired; the 300-day period within which the employee is required by Title VII to file an administrative complaint begins to run as soon as he is informed of the allegedly unlawful employment practice. *Delaware State College v. Ricks*, 449 U.S. 250, 259-62 (1980); *Stepney v. Naperville School District 203*, 392 F.3d 236, 240 (7th Cir. 2004); 42 U.S.C. § 2000e-5(e)(1). The plaintiff denied that he had received such a call that day. The district judge, deciding that the plaintiff's denial presented a genuine issue of material fact and so could not be resolved on summary judgment, conducted an evidentiary hearing. The evidence presented at the hearing convinced her that the defendants were right, and so she dismissed the suit as time barred. The plaintiff has appealed, claiming that the dispute should have been resolved by a jury, not by the judge, since the plaintiff had made a timely demand to have his case tried by a jury. Compare *Stewart v. RCA Corp.*, 790 F.2d 624, 629-30 (7th Cir. 1986). Statute of limitations is a defense, and in a case in which a party is entitled to, and demands, a jury trial, defenses are tried to the jury along with the case in chief.

In ruling that a dispute over whether the plaintiff missed the deadline for filing the administrative complaint that is a prerequisite to suing can be resolved by the judge in advance of trial, even if an evidentiary hearing is required for that resolution, the district judge relied on our decision in *Pavey v. Conley*, 544 F.3d

739 (7th Cir. 2008). That was a prisoner's civil rights case, and the Prison Litigation Reform Act provides that "no action shall be brought [under federal law] with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted," 42 U.S.C. § 1997e(a), see, e.g., *Hurst v. Hantke*, 634 F.3d 409 (7th Cir. 2011). *Pavey* holds that the judge can resolve contested factual issues germane to whether the prisoner had exhausted his remedies under the Act even if the prisoner demanded a jury trial in his civil rights suit. See also *Drippe v. Tobelinski*, 604 F.3d 778, 782 (3d Cir. 2010), and *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003), though *Wyatt*, while reaching the same conclusion that we later reached in *Pavey*, did so on a ground that we had questioned in *Pavey*. 544 F.3d at 741.

The judge in the present case saw no difference between the defense in a prisoner's civil rights suit of failure to exhaust administrative remedies and the defense in a Title VII case of having failed to file a timely administrative complaint. We see a difference. The requirement of exhaustion of administrative remedies is a requirement to submit one's grievance to an administrative tribunal *for decision* before one can bring a suit. It would be odd and wasteful to allow a plaintiff who was required to exhaust his administrative remedies to bypass the administrative tribunal and sue in an ordinary court. For a jury would then be deciding whether he had been required to exhaust yet had failed to do so; and if it decided that he had failed, the trial would be aborted and the plaintiff told to pursue his

administrative remedies (if still open; if not, he would be out of luck). See *Pavey v. Conley*, *supra*, 544 F.3d at 741.

Title VII, in contrast, does not require exhaustion. It states that "a charge . . . shall be filed . . . within three hundred days after the alleged unlawful employment practice occurred," 42 U.S.C. § 2000e-5(e)(1), but not that an administrative proceeding shall have been conducted before the employee can file suit. *Woodford v. Ngo*, 548 U.S. 81, 98 (2006); *Doe v. Oberweis Dairy*, 456 F.3d 704, 710 (7th Cir. 2006). The fixing of a filing deadline is what a statute of limitations does; requiring exhaustion of administrative remedies requires more. The filing deadline is just a defense in a Title VII suit, and there is no reason to distinguish it from other defenses and therefore exclude it from the jury trial. The legislative history of the deadline, reviewed in *Zipes v Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), supports our characterization of the deadline as effectively a statute of limitations defense.

Noting in *Pavey* that often the judge resolves threshold issues in a case triable to a jury even if their resolution requires an evidentiary hearing—examples are subject-matter jurisdiction, personal jurisdiction, and supplemental jurisdiction—we offered a generalization equally applicable to the present case: "juries do not decide what forum a dispute is to be resolved in. Juries decide cases, not issues of judicial traffic control. Until the issue of exhaustion is resolved, the court cannot know whether it is to decide the case or the prison authorities are to. In this case, should the defendants' contention

that the prisoner inexcusably failed to file a timely griev-ance be sustained, he would no longer have any adminis-trative remedies. But in many cases the only con-sequence of a failure to exhaust is that the prisoner must go back to the bottom rung of the administrative ladder; and in such a case one could envision a series of jury trials before there was a trial on the merits: a jury trial to decide exhaustion, a verdict finding that the prisoner had failed to exhaust, an administrative pro-ceeding, the resumption of the litigation, and another jury trial on failure to exhaust. That distinguishes the issue of exhaustion from deadline issues that juries decide. A statute of limitations defense if successfully interposed ends the litigation rather than shunting it to another forum. If the defense is rejected, the case proceeds in the court in which it is filed." 544 F.3d at 741.

The distinction is not a technical one. It reflects the different goals of the Prison Litigation Reform Act and Title VII. The former is designed to keep prisoner griev-ances in prisons and out of courts, on the theory that the primary responsibility for prison regulation should lie with prison officials rather than with federal judges. Title VII, in contrast, is designed to provide a federal judicial forum, complete with jury if desired, for persons complaining about employment discrimination. In *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002), the Supreme Court said that "beyond doubt, Congress enacted § 1997e(a) [the exhaustion provision of the Prison Litigation Reform Act] to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress af-forded corrections officials the time and opportunity to

address complaints internally before allowing the initiation of a federal case." Title VII, in contrast, is designed to expand the opportunities for bringing employment-discrimination suits in federal court. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47-49 (1974).

The judgment in favor of the defendants is reversed and the case remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.