NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 15, 2013[*]
Decided March 18, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 12-2266

| | |
|---|---|
| JERRY B. PALMER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 10-cv-0718-MJR |
| | |
| JAMES FENOGLIO, | Michael J. Reagan, |
| *Defendant-Appellee.* | *Judge*. |

**O R D E R**

Jerry Palmer, an Illinois prisoner, alleges in this suit under 42 U.S.C. § 1983 that Dr. James Fenoglio deliberately ignored his pain from a shoulder injury. After conducting a hearing, the district court found that Palmer failed to exhaust his administrative remedies

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

and granted summary judgment for Fenoglio. Because the district court did not clearly err in finding that Palmer did not grieve Fenoglio's treatment of him, we affirm the judgment.

This case concerns medical treatment that Palmer received at Lawrence Correctional Center in 2009. Palmer injured the rotator cuff of his right shoulder seven years earlier at Big Muddy River Correctional Center. Medical staff there performed an MRI and decided to treat the injury with hydrocortisone shots instead of surgery. Over the next few years Palmer was transferred to different prisons. Although he requested surgery and maintained that his shoulder injury was painful and interfered with his daily activities, prison medical staff opted to treat him with pain pills, shots, and physical therapy.

After arriving at Lawrence in March 2009, Palmer filed two grievances about the treatment for his shoulder injury. First, on May 11, 2009, he asked to be transferred to another facility to receive physical therapy. Palmer filed a second grievance six days later, detailing his pain, his treatment at other prisons, and stating that "since I been here at Lawrence Correctional Center, medical personnel have not done anything for me." The prison counselor responded to both grievances, stating that "Per Dr. Fenoglio," Palmer would be examined.

Palmer then filed this lawsuit, alleging that Fenoglio and 16 other defendants were deliberately indifferent to his shoulder condition. The district court dismissed the other defendants at screening, *see* 28 U.S.C. § 1915A, but it allowed Palmer to proceed against Fenoglio, whom Palmer claimed had examined him in March of 2009 and improperly ignored his arm. Fenoglio then moved for summary judgment on the ground that Palmer had failed to exhaust his administrative remedies, *see* 42 U.S.C. § 1997e(a), because he did not name or describe Fenoglio in either of his two grievances, as required by the prison's exhaustion procedures, *see* ILL. ADMIN. CODE tit. 20 § 504.810. Palmer did not dispute that the grievances do not name Fenoglio; rather, he argued that he need not have named Fenoglio because Fenoglio was the "primary physician" he saw in March.

The magistrate judge conducted an evidentiary hearing, *see Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Palmer testified that he did not know whether he saw Fenoglio before or after filing his grievances. The magistrate judge directed Fenoglio to submit Palmer's medical records. After reviewing the records, which showed that Fenoglio did not see Palmer before June 2009, the magistrate judge found that Palmer had not seen Fenoglio before filing his two grievances; therefore, neither grievance could have challenged Fenoglio's conduct. Accordingly, the magistrate judge recommended that the court grant Fenoglio's motion for summary judgment.

Palmer objected to the magistrate judge's recommendation. Ignoring his own

hearing testimony, Palmer asserted that he saw Fenoglio before May 11, 2009, and accused Fenoglio of submitting falsified medical records. He also asserted that Fenoglio had failed to produce an inmate tracking report that, Palmer thought, would show when he visited Fenoglio. Fenoglio replied that he did not have access to the inmate tracking system. The district court adopted the magistrate's recommendation and granted summary judgment in favor of Fenoglio. Palmer next moved to alter or amend the judgment, swearing in an affidavit that he had seen Fenoglio before he filed his grievances and insisting that the tracking system documents would resolve any fact dispute. The district court denied the motion, noting that Fenoglio had fully complied with the order to produce medical records.

On appeal, Palmer contends that he has genuinely disputed whether he saw Fenoglio before filing his grievances, so summary judgment was improper. Palmer is correct that at the *Pavey* hearing the parties disputed this issue, but under *Pavey* district courts may resolve factual disputes relating to exhaustion. *Pavey*, 544 F.3d at 740–41; *see also Begolli v. Home Depot U.S.A., Inc.*, 701 F.3d 1158, 1160 (7th Cir. 2012). Here the district court permissibly found that Palmer first interacted with Fenoglio only *after* Palmer lodged his grievances; therefore the only two grievances in the record, which name *no* doctors at Lawrence, could not have challenged Fenoglio's conduct. Based on the medical records showing that Fenoglio first saw Palmer in June, and the counselor's response to the grievances, which reflect that Fenoglio became involved after Palmer filed them, no clear error undermines the conclusion that Palmer's grievance did not challenge Fenoglio's conduct in May. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011) (holding that district court did not clearly err in declining to credit prisoner's testimony about exhaustion); *United States v. Norris*, 640 F.3d 295, 297 n.1 (7th Cir. 2011) (noting that credibility findings may be disturbed only when they are "completely without foundation").

Because the hearing record supports the district court's finding, Palmer replies that the hearing itself was deficient. He argues that Fenoglio should have produced documents from the offender tracking system, which he speculates would confirm a pre-grievance visit to Fenoglio in March. Palmer gives us no reason to believe that Fenoglio possesses these documents or that they show which medical personnel an inmate sees. But in any case the district court ordered Fenoglio to produce "medical records." Given the district court's broad discretion to determine whether a party has complied with discovery orders, *see Melendez v. Illinois. Bell Tel. Co.*, 79 F.3d 661, 670–71 (7th Cir. 1996), the court did not err in concluding that Fenoglio complied with the order. If Palmer wanted more expansive records to prove exhaustion, the time to seek them was before the hearing, not after. *See Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057 (7th Cir. 2000) (holding that district court did not abuse its discretion by denying motion to extend discovery where "no effort was made to explain why the requested discovery could not have taken place within the original discovery period"). Finally, Palmer's post-hearing affidavit, in which he swears that

he saw Fenoglio before he filed the grievances, does not negate his hearing testimony that he had no recall of seeing Fenoglio before grieving. Without an explanation for his suddenly restored memory, his revised, post-hearing testimony was permissibly discounted. *See Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1075 (7th Cir. 2012); *Russell v. Acme-Evans, Co.*, 51 F.3d 64, 67–68 (7th Cir. 1995); *Lovejoy Electronics, Inc. v. O'Berto*, 873 F.3d 1001, 1005 (7th Cir. 1989).

**AFFIRMED.**