In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-2568

JAMES R. SCHULTZ,

*Plaintiff-Appellant*,

*v.*

JEFFREY A. PUGH, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 3:10-cv-00581-bbc—**Barbara B. Crabb**, *Judge*.

SUBMITTED JUNE 26, 2013—DECIDED JULY 23, 2013

Before POSNER, FLAUM, and TINDER, *Circuit Judges*.

POSNER, *Circuit Judge*.   The plaintiff, an inmate at a Wisconsin state prison, filed this suit under 42 U.S.C. § 1983 claiming that prison officials had retaliated against him for speaking up about an assault that he alleged had been made upon him by two prison guards. The retaliation took the form of placing him in segregation and forbidding him to discuss the alleged assault. The defendants moved to dismiss the suit on the

ground that he had failed to exhaust his administrative remedies, by not filing a grievance that conformed to the prison's rules. His response (not his only response, but the only one with sufficient plausibility to be worth discussing) was that he interpreted the prohibition against speaking about the alleged assault to extend to the filing of a grievance, and as a result was afraid to file it.

The duty to exhaust administrative remedies as a precondition to suing under section 1983 is limited to those remedies that are "available," 42 U.S.C. § 1997e(a), and as we pointed out in *Fletcher v. Menard Correctional Center*, 623 F.3d 1171, 1173 (7th Cir. 2010), a remedy must, to be "available," be available in fact and not merely in form. See *Hurst v. Hantke*, 634 F.3d 409, 411-12 (7th Cir. 2011); *Dillon v. Rogers*, 596 F.3d 260, 267 (5th Cir. 2010); *Bryant v. Rich*, 530 F.3d 1368, 1373 n. 6 (11th Cir. 2008). A remedy is not available, therefore, to a prisoner prevented by threats or other intimidation by prison personnel from seeking an administrative remedy by filing a grievance in the prescribed form and within the prescribed deadline. *Kaba v. Stepp*, 458 F.3d 678, 685-86 (7th Cir. 2006); *Tuckel v. Grover*, 660 F.3d 1249, 1252-53 (10th Cir. 2011); *Turner v. Burnside*, 541 F.3d 1077, 1084-85 (11th Cir. 2008); *Macias v. Zenk*, 495 F.3d 37, 45 (2d Cir. 2007). But because the pertinent regulation of the Wisconsin prison system limits the offense of making false statements to prison staff to statements made "outside the complaint review system," Wis. Admin. Code § DOC 303.271, the plaintiff had no reason to fear that his filing a grievance (the complaint to which the regulation refers) about alleged retaliation for

speaking up about the alleged assault would be pun-
ished. The grievance route was open to him.

He argues that he was deterred from filing the
grievance by "fear of reprisal." But he has presented no
evidence to substantiate the claim, though invited to do
so by the district judge before the judge ruled on, and
granted, the defendants' motion for summary judgment.
Without some specification of what the plaintiff's fear
was based on, the defendants could not prepare a
response; and so the grant of summary judgment was
proper. *Ricci v. DiStefano*, 557 U.S. 557, 586 (2009).

But in the course of our research for this case we dis-
covered that the law governing unavailability of prison
remedies on grounds of intimidation is in some disar-
ray. The case law distinguishes between "objective" and
"subjective" availability, and although the different
standards are reasonably well specified it is unclear
whether the prisoner should be required to satisfy both
in every case.

The "objective" standard, which predominates in the
case law, requires the plaintiff to show that a person of
"ordinary firmness" would have been deterred from
filing a grievance. E.g., *Hemphill v. New York*, 380 F.3d
680, 688 (2d Cir. 2004). The "subjective" standard requires
the plaintiff to show that he was in fact deterred. E.g.,
*Turner v. Burnside, supra*, 541 F.3d at 1085. Cases that
embrace the subjective standard add it to the objective
one rather than substituting it, e.g., *id*.; *Tuckel v. Grover,
supra*, 660 F.3d at 1254, with the result that the plaintiff
must show both that a person of ordinary firmness would

be deterred and that he himself was deterred. The additional test catches the person of more than ordinary firmness who, not having in fact been deterred, has no excuse for failing to exhaust administrative remedies; *he* was not a victim of intimidation, but only of an attempt at intimidation that failed.

The objective standard appears to have originated in cases in which the issue was not exhaustion of administrative remedies but whether some wrongful act of prison personnel had inflicted a compensable injury on the prisoner plaintiff. See, e.g., *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003), cited in *Hemphill v. New York*, *supra*, 380 F.3d at 688. In such cases the courts rightly require that the injury be more than *de minimis*, that is, more than trivial; and if a person of "ordinary firmness" would consider the injury trivial, this can be used as a benchmark for whether the particular plaintiff sustained no more than a trivial injury that the law should ignore. See, e.g., *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982); *Hill v. Lappin*, 630 F.3d 468, 472-73 (6th Cir. 2010); *Morris v. Powell*, 449 F.3d 682, 685-86 (5th Cir. 2006); *Davis v. Goord*, *supra*, 320 F.3d at 353; *Bennett v. Hendrix*, 423 F.3d 1247, 1250-52 (11th Cir. 2005). It is a crude benchmark, however, because the plaintiff may be of unusual susceptibility—what in ordinary tort law is called an "eggshell skull" tort victim. The common law allows such a tort victim to recover his full damages even if the average person, which is to say a person of "ordinary firmness," would have sustained no significant injury from the defendant's tort. E.g., *Stoleson v. United States*, 708 F.2d 1217, 1221-22 (7th Cir. 1983). One imagines

there are "eggshell skull" prisoners, and the question arises why they can't recover their actual damages caused by violations of their federal rights by prison personnel, or, in a case like this, be excused for having failed to file a grievance that the average person would realize was available but that an especially fearful or anxious or mentally limited prisoner would not.

The objection to such an approach is that idiosyncratic claims are difficult to verify unless, as in the most common kind of eggshell-skull case, the claimant has a readily diagnosable physical impairment. A prisoner plaintiff who had failed to file a grievance could always insist that his failure was attributable to a mental problem that had caused him to exaggerate the likelihood that he would be punished if he did file a grievance. And then the issue of exhaustion, meant to be preliminary to the determination of the plaintiff's constitutional tort claim, would require for its resolution significant factfinding even before the trial on the merits—factfinding that would have to be duplicated if the case went to trial and retaliation were the constitutional tort alleged as well as the excuse tendered for failing to file a grievance in advance of suit. Cf. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Expert testimony by psychologists or psychiatrists might be required. That would complicate and extend the evidentiary hearing required whenever there was a genuine factual dispute over whether the plaintiff had exhausted his prison remedies.

What the cases have not considered, however, is a situation in which prison personnel, sensing atypical

cognitive or psychological infirmities of the prisoner plaintiff, deliberately exploit these infirmities to deter him from filing a grievance. That would be the kind of misconduct that the doctrine of equitable estoppel makes a defense to a variety of claims and defenses, most commonly a statute of limitations defense. See, e.g., *Arteaga v. United States*, 711 F.3d 828, 833 (7th Cir. 2013). In *Kaba v. Stepp*, *supra*, 458 F.3d at 686-87, we left open the possibility that equitable estoppel might be a defense to failure to exhaust prison remedies. We need not decide; the present case is remote from that hypothetical situation.

AFFIRMED.