In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1608

BRENAYDER C. WILLIAMS,

*Plaintiff-Appellant*,

*v.*

MILWAUKEE HEALTH SERVICES, INC.,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 12-CV-1293-JPS — **J.P. Stadtmueller**, *Judge*.

SUBMITTED AUGUST 29, 2013 — DECIDED OCTOBER 10, 2013

Before POSNER, ROVNER, and TINDER, *Circuit Judges*.

POSNER, *Circuit Judge*. The plaintiff, proceeding pro se, has sued her former employer, a private recipient of federal funding, charging that it violated the Rehabilitation Act of 1973, 29 U.S.C. § 794, by requiring her to complete certain duties as a dental assistant that she was incapable of performing because of an unspecified disability that limits her strength and mobility, and then firing her because of her disability. The district judge dismissed the suit on the

ground that the plaintiff had failed to exhaust her administrative remedies.

That was error. A seeker of relief under the Rehabilitation Act against a recipient of federal money is not required to exhaust the administrative remedies that the Act provides. E.g., *Cheeney v. Highland Community College*, 15 F.3d 79, 82 (7th Cir. 1994); *Prescott v. Higgins*, 538 F.3d 32, 44 (1st Cir. 2008); *McGeshick v. Principi*, 357 F.3d 1146, 1149 (10th Cir. 2004); see 29 U.S.C. § 794a(a)(2). An employee or former employee of a private company, such as the plaintiff in this case, isn't even required by the Act to file an administrative charge or complaint—and anyway, having to file is not the same thing as having to exhaust administrative remedies. Exhaustion requires pressing the charge to an administrative resolution.

It's true that a person who unlike our plaintiff wants to sue a private employer under Title VII must first file a charge with the EEOC. But he or she doesn't have to obtain a decision on the merits from the agency before bringing suit, merely a right to sue letter, *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006), signifying that the agency has decided not to exercise its prerogative to sue on behalf of the complainant. In contrast, "the requirement of exhaustion of administrative remedies is a requirement to submit one's grievance to an administrative tribunal for decision before one can bring a suit. It would be odd and wasteful to allow a plaintiff who was required to exhaust his administrative remedies to bypass the administrative tribunal and sue in an ordinary court. For a jury would then be deciding whether he had been required to exhaust yet had failed to do so; and if it decided that he had failed, the trial would be aborted

and the plaintiff told to pursue his administrative remedies (if still open; if not, he would be out of luck). Title VII, in contrast, does not require exhaustion. It states that 'a charge … shall be filed … within three hundred days after the alleged unlawful employment practice occurred,' but not that an administrative proceeding shall have been conducted before the employee can file suit. The fixing of a filing deadline is what a statute of limitations does; requiring exhaustion of administrative remedies requires more." *Begolli v. Home Depot U.S.A., Inc.*, 701 F.3d 1158, 1160 (7th Cir. 2012) (citations omitted). The plaintiff in our case wasn't required to file anything with the EEOC. She is thus at two removes from having to exhaust administrative remedies.

A complication is that the complaint the district judge dismissed was the complaint in a second lawsuit, arising from the identical facts as the first one, filed in the same district court by the same person. The main difference between the lawsuits was that the complaint in the first suit, while alleging disability discrimination, hadn't mentioned the Rehabilitation Act (or for that matter any other statute). The second suit, the one before us, named the Act as the basis for the claim of disability discrimination.

When the judge dismissed the second suit he invited the plaintiff to amend her complaint in the first suit, which was still pending. She moved for leave to amend it to specify that the Rehabilitation Act was the ground of the suit. The judge denied the motion, having just ruled in the present case that she could not maintain her suit under that Act because she had failed to exhaust her administrative remedies. In addition the judge remarked disapprovingly that her second suit duplicated the first (differing only in specifying the Rehabili-

tation Act as its ground) and that she had filed three similar suits in state court. These remarks give rise to a concern that on remand (for the judge's ground for dismissing the second suit was erroneous, as we have explained, necessitating a remand) the judge may reinstate his dismissal on the ground that the plaintiff is engaging in vexatious litigation. Which may be true, but not because her second federal suit duplicated the first. Really it was just a clumsy attempt (she neither is nor has a lawyer) to amend the first complaint to specify a statutory basis for her claim. The judge should have interpreted it accordingly. Instead he has recently granted summary judgment for the defendant in Williams's first suit, the suit that had not alleged a violation of the Rehabilitation Act. *Williams v. Milwaukee Health Services, Inc.*, No. 12-CV-828-JPS, 2013 WL 5506840 (E.D. Wis. Oct. 4, 2013).

As for her state court suits: they may duplicate her federal suit, but that duplication is, in the first instance anyway, the business of the state court in which she filed them, rather than of the federal courts. See 28 U.S.C. § 2283 (Anti-Injunction Act); *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2375 (2011); *Trustees of Carpenters' Health & Welfare Trust Fund v. Darr*, 694 F.3d 803, 805 (7th Cir. 2012). The defendant can ask the state court to dismiss the suits on the ground that they duplicate her federal suit without cause, or are intended to harass, or lack merit. But their mere pendency is not a good reason for dismissing a federal suit that, for all we know, has merit, as long as the defendant hasn't asked the federal court to abstain from hearing the case and the judge has made no move to do so. Their pendency may be a reason to suspend activity in the federal suit, as a matter of comity to the state judiciary, but not to dismiss it, since the plaintiff's state suits might fail without thereby precluding, on grounds of res ju-

dicata or collateral estoppel, her federal suit. In fact they have failed; all three state court suits have been dismissed on one ground or another. Whether their dismissal should have a preclusive effect on the present suit is a matter for the district judge to consider on remand.

REVERSED AND REMANDED.