NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 1, 2013[*]
Decided October 23, 2013

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2060

PARISH GOLDEN,
    *Plaintiff-Appellant,*

v.

MARK S. STUTLEEN, et al.,
    *Defendants-Appellee*s.

Appeal from the United States District
Court for the Western District of
Wisconsin.

No. 11-cv-616-bbc

Barbara B. Crabb,
*Judge*.

**ORDER**

Parish Golden, an inmate at the Wisconsin Department of Corrections, filed suit under 42 U.S.C. § 1983, alleging that prison officials violated the First and Eighth Amendments when they used excessive force and interfered with his mail. The district court dismissed the claims against several defendants because of insufficient allegations

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

or lack of service. It also granted summary judgment for the remaining four defendants on the ground that Golden had failed to exhaust his administrative remedies. Because Golden has not exhausted administrative remedies against these four defendants and his allegations against the others were legally inadequate, we affirm.

Golden asserts that four prison guards unjustifiably beat him outside of his prison cell. One guard shocked Golden with a taser, which caused him extreme pain and scarred his back. Then, all four guards slammed him into the ground, injuring his knees and arm. Prison officials later confined him to segregation for nearly a month. Golden swears that between February 23 (when he was released from segregation) and August 29, he tried 26 times to file written grievances or letters with prison grievance officials to protest the beating, and he attaches copies of these documents to his complaint. Golden insists that prison officials refused to accept the grievances. Eventually, on August 30, Golden successfully filed two grievances, one about the excessive-force incident and another charging that prison officials interfered with his mail. The same day, Golden also mailed the complaint for this suit, raising the same claims. A few weeks later, a grievance officer denied the excessive-force grievance as untimely and the mail-interference grievance on the merits. An administrative appeal of those grievances was still pending at the prison while this case was in the district court.

In his complaint, Golden charges four defendants, Officers DeBroux, Biermet, Frisch, and Rausch with the beating, and a fifth defendant, Officer Stutleen, with failing to intervene and stop the assault. He further alleges that Frisch and Rausch interfered with his mail in retaliation for other litigation. Finally, he also sues "Doe" defendants, alleging that others may have blocked his mail, and supervisors, against whom he seeks to impose liability for the conduct of the five officers involved in the beating.

The defendants moved to dismiss some claims without prejudice and others with prejudice. They successfully moved to dismiss Rausch for lack of service (a disposition that Golden does not contest), and citing lack of exhaustion they sought summary judgment without prejudice for the four other officers named in the beating or mail obstruction. They asserted that Golden fabricated his 26 attempted grievances, and in any case, the two grievances he filed at the end of August rendered this suit premature. The district court ruled that a hearing under *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), was unnecessary to resolve the dispute over the 26 grievances because even if prison officials refused them, Golden sued before he completed the administrative process for the two grievances that the prison accepted. Finally, the defendants moved to dismiss the supervisory defendants for failure to state a claim, arguing that § 1983

does not impose vicarious liability. They also moved to dismiss the "Doe" defendants because the allegations against them were too indefinite. The district court granted those motions.

On appeal Golden principally argues that the district court should not have granted summary judgment to the four officers that he accused of beating him or interfering with his mail. He maintains that his ability to exhaust 26 grievances remains disputed. When exhaustion is in genuine dispute, district courts must conduct an evidentiary hearing to resolve the dispute. *Pavey*, 544 F.3d at 742. But no hearing was needed here because the dispute is immaterial. Even if the district court found the facts to be as Golden contends—that he was unable to file 26 grievances—Golden successfully filed two grievances covering the subject of the earlier attempts. He was required to wait until the entire grievance process, including appeals of the decisions on those grievances, concluded before bringing a lawsuit. *Jones v. Block*, 549 U.S. 199, 204 (2007); *Turley v. Rednour*, —F.3d—, 2013 WL 3336713, at *2 (7th Cir. 2013); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A claim filed before the full administrative process is finished must be dismissed without prejudice, when as in this case the prison chooses to raise exhaustion as a defense. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011); *Larkin v. Galloway*, 266 F.3d 718, 720 (7th Cir. 2001).

Golden replies that because prison officials obstructed his earlier grievances, he need not wait for a final decision on the two successfully filed grievances before filing suit. It is true that for as long as prison officials blocked his grievances, he had no available remedies to exhaust. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). But that does not mean he need never exhaust his claims. "[W]hen the failure to exhaust was innocent (as where the prison officials prevent a prisoner from exhausting his remedies) . . . he must be given another chance to exhaust . . . ." *Pavey*, 544 F.3d at 742. Golden is receiving that chance because the prison is considering the two grievances that Golden filed at the end of August. He can sue only after the entire process is finished, *see Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), at which time he can litigate those decisions. *See Hurst v. Hanke*, 634 F.3d 409, 412 (7th Cir. 2011).

Finally, Golden contests the decision to dismiss with prejudice the supervisory and "Doe" defendants, but those decisions were correct. Supervisors may not be vicariously liable for the conduct of their subordinates. *See Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). A supervisor may be liable under § 1983 for failing to stop others from committing unconstitutional acts, but only if that officer had a

reasonable opportunity to prevent the misconduct. *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007); *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005); *Fillmore v. Page*, 358 F.3d 496, 505–06 (7th Cir. 2004). Here, Golden does not allege that the supervisory officers personally caused, participated in, or had a reasonable chance to stop the beating. *George*, 507 F.3d at 609. In suing his "Doe" defendants, Golden merely speculates that other officers might have interfered with his mail. But to survive dismissal a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level." *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (internal quotation marks omitted). Golden has not done so here.

We have considered Golden's remaining arguments, but they do not warrant further discussion.

Accordingly, we AFFIRM the judgment of the district court.