**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2018[*]
Decided June 29, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-2573

| | |
|---|---|
| CHRISTOPHER JONES, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 15-cv-831-bbc |
| | |
| ANDREA NELSON, et al., | Barbara B. Crabb, |
| *Defendants-Appellees.* | *Judge.* |

## O R D E R

Christopher Jones, a prisoner in Wisconsin, sued prison correctional officers for violating his Eighth Amendment rights when they failed to respond adequately to his requests for medical attention while he was in an observation cell. The district court entered summary judgment for the defendants on the ground that Jones did not exhaust his administrative remedies before filing suit, as required by the Prison

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Litigation Reform Act, *see* 42 U.S.C. § 1997e(a). Because the undisputed evidence shows that Jones failed to appeal the rejection of his initial grievance, we affirm.

We review the facts in the light most favorable to Jones, the nonmovant. *See Tradesman Int'l, Inc. v. Black*, 724 F.3d 1004, 1009 (7th Cir. 2013). On July 7, 2010, Jones was transferred to an observation cell after he reported feeling depressed and suicidal. Over the next four days, prison staff ignored his requests for medical attention— regarding complaints of blurred vision, dizziness, fatigue, leg cramps, numbness, and pain. On July 11, staff found Jones comatose in his cell covered in his own vomit. He was rushed to the hospital, where he remained in a coma for several days.

Jones was discharged from the hospital on July 20, and upon returning to the prison was assigned an inmate assistant to help him cope with his continuing physical limitations. On August 3, Jones asked his assistant to retrieve an inmate complaint form so that he could prepare a grievance about the prison staff's disregard of his condition during the four days he spent in the observation cell. The assistant made an inquiry and reported to Jones that a correctional officer said "not to worry about that right now" and that Jones could file the complaint after he was fully recovered.

On September 27, Jones submitted a grievance over the prison staff's failure to respond to his requests for medical attention while he was in the observation cell. The complaint examiner rejected the grievance as untimely, explaining that it related to events "beyond 14 calendar days from the date of the occurrence giving rise to the complaint." *See* WIS. ADMIN. CODE § DOC 310.11(5)(d) (2010). The rejection letter advised Jones that he could appeal "within 10 days to the appropriate reviewing authority" and described the process for doing so. Jones did not appeal.

Five years later, in September 2015, Jones filed another grievance regarding the events of July 2010, and he attributed his delay to advice from prison staff to "let the matter go" and difficulties in obtaining his hospitalization records. This grievance too was rejected as untimely, and the complaint examiner found no good cause to extend the filing deadline. Jones appealed this rejection to the reviewing authority, which upheld the decision.

Jones then sued prison staff for deliberate indifference. The defendants moved for summary judgment on exhaustion grounds. Jones responded that prison officials prevented him from exhausting administrative remedies by denying him access to grievance forms, and in any event he could not use the grievance process because of his physical incapacitation (until July 20, 2010), his illiteracy, and his mental-health-related

functional impairments, specifically schizoaffective disorder. He also alleged that he was confined at an inpatient mental health treatment facility from April 2011 to October 2013, and afterwards had difficulty accessing his hospital records from July 2010.

The district court granted the defendants' motion for summary judgment, concluding that Jones presented no admissible evidence that any prison official prevented him from filing a grievance. Jones, the court explained, offered only vague, "thirdhand testimony" that prison staff told his inmate assistant "not to worry" about the deadline for filing a grievance, and that he could take his time waiting to file one. Even if this account were true, the court continued, Jones still could not explain why he did not file his grievance until September 27 (given that he was able to file an unrelated grievance on September 7), or why he failed to appeal the rejection of that September 27 grievance. The court also considered Jones's argument that he was unable to file a grievance because of his mental illness and illiteracy, but determined that his ability to file numerous grievances over the past years shows that the prison's grievance process generally was available to him; he simply failed to follow the requisite administrative procedures with respect to bringing his claim.

Jones later sought relief from judgment under Federal Rule of Civil Procedure Rule 60(b)(2) on the basis that he had newly discovered evidence proving that the grievance process was unavailable to him. Jones points to an affidavit from his recently located inmate assistant, corroborating his contention that an officer told the assistant on August 3, 2010 that Jones need not worry about the late timing of any grievance. The district court denied the motion; even if Jones had good cause to wait until September 27 to file his grievance, he did not take advantage of the prison's procedures for reconsidering untimely filings because he made no arguments about good cause to the complaint examiner nor did he appeal the rejection of his grievance.

On appeal, Jones argues that summary judgment was premature because disputed facts remain over his ability to exhaust his administrative remedies. He highlights the obstacles to filing that he faced in the summer of 2010 after he was physically incapacitated for 14 days and prison staff misled his inmate assistant about the appropriate timeline for filing a timely grievance.

A grievance process can be rendered unavailable to an inmate on account of physical incapacitation, *see Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011), or misrepresentation from prison officials about the requirements for timely filing a grievance, *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016), but these exceptions do not apply here. Even if Jones's initial physical incapacitation were "good cause" for his

untimeliness, he still had to file the grievance "as soon as it was reasonably possible for him to do so." *Hurst*, 634 F.3d at 412; *Hernandez v. Dart*, 814 F.3d 836, 843 (7th Cir. 2016). But not until September 27, 2010 did Jones file any grievance over the lack of medical treatment he received more than ten weeks earlier. Further, when this grievance was rejected as untimely, he failed to appeal to the reviewing authority. *See* WIS. ADMIN. CODE § 310.11(6). And even if we accept Jones's assertion that a prison official refused on August 3 to give his inmate assistant a grievance form, Jones similarly offers no justification for waiting until September 27 to file his grievance or for not appealing the denial of that grievance. And to the extent that Jones believes that his mental limitations prevented him from participating in the grievance process, he does not dispute the district court's finding that he had managed to file numerous grievances in recent years (according to his Inmate Complaint History Report, he submitted 23 grievances between May 2008 and May 2016, including six alone between his 2010 hospitalization and his 2015 grievance about that incident).

Finally, Jones has moved on appeal to supplement the record with the inmate assistant's affidavit that the district judge refused to consider when she denied his Rule 60(b) motion. But Federal Rule of Appellate Procedure 10(e), which governs correction or modification of the record on appeal, does not allow us to admit on appeal any document that was not part of the record in the district court. *See* FED. R. APP. P. 10(e); *Midwest Fence Corp. v. United States Dep't of Transp.*, 840 F.3d 932, 946 (7th Cir. 2016). Jones's motion to supplement the record is therefore DENIED.

AFFIRMED