**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2022[*]
Decided May 9, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-3065

| | |
|---|---|
| LENNARD COLEMAN, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:19-CV-21-RLM-MGG |
| DUJUAN D. LOTT and MARK HUBBARD, *Defendants-Appellees.* | Robert L. Miller, Jr., *Judge.* |

## O R D E R

Lennard Coleman, an Indiana prisoner, appeals a summary judgment for failure to exhaust administrative remedies on his claims under 42 U.S.C. § 1983 against two correctional officers. Because the undisputed facts show that Coleman did not exhaust the prison's administrative remedies in the time and manner required of him, *see* 42 U.S.C. § 1997e(a), we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

According to Coleman's complaint, in August 2017 while incarcerated at the Indiana State Prison, an inmate stabbed him. Two correctional officers, Officer Mark Hubbard and Sergeant Dujan Lott, were on the floor at the time, but they allegedly waited a half hour before taking Coleman to the prison's medical department. At that point, an ambulance drove Coleman to a local emergency room, where he received 49 stitches. The following day Coleman returned to the prison's infirmary, and he remained there for two and a half months.

Nearly a year later, in July 2018, Coleman filed a grievance about Lott and Hubbard's delay in seeking treatment for him after the stabbing. At that time, he was housed at the Miami Correctional Facility in Bunker Hill, Indiana. A grievance specialist denied Coleman's grievance for untimeliness, explaining that the Indiana Department of Corrections requires inmates to file a formal grievance within 20 days of the relevant incident (after first submitting an informal grievance within 5 days), or to show good cause for the delay. Coleman did not explain his belatedness, and the grievance examiner wrote that Coleman had failed to show good reason for his year-long delay.

Coleman next sued Hubbard and Lott under 42 U.S.C § 1983, alleging that they deliberately ignored his medical needs in violation of the Eighth Amendment by failing to summon medical help for 30 minutes after he was stabbed. Hubbard and Lott moved for summary judgment, arguing that Coleman had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a). Coleman responded that the prison's grievance process was unavailable to him because his recovery in the infirmary and stab wounds in his hand "made him unable to follow the grievance procedure."

The district judge entered a summary judgment against Coleman, ruling that he had not exhausted his available administrative remedies. Coleman's hospital stay was only one night, the judge reasoned, and Coleman could have sought help in filling out a grievance later. Coleman moved for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, raising two contentions. He argued first that the grievance process was unavailable to him for the two and a half months he was in the prison's infirmary; second, he could not have received assistance from prison staff while in the infirmary because he was isolated there. The judge denied the motion, explaining that Coleman could have raised these contentions in his summary-judgment response.

On appeal Coleman contests the summary judgment, but we agree with the district judge that, based on the undisputed facts, Coleman did not exhaust his administrative remedies. Exhaustion of "available" administrative remedies must precede an inmate's lawsuit. *See* 42 U.S.C. § 1997e(a). To exhaust, an inmate "must follow the rules governing filing and prosecution of a claim." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)*; see Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The prison's rules require that inmates like Coleman submit their grievances within 20 days after the relevant incident, following an attempt to resolve the issue informally, unless good cause excuses a delay. *See* IDOC Manual of Policies and Procedures No. 00-02-301 at 13–16. *See Jones v. Bock,* 549 U.S. 199, 218 (2007). It is undisputed that Coleman filed his grievance almost a year after the incident.

Coleman responds that administrative remedies were unavailable to him. He repeats that, for two and a half months while isolated in the infirmary with an injured hand, he could not complete the forms either by himself or with the help of prison staff. But this argument is unavailing. Even if he could not have filed a grievance while in the infirmary—either because of his hand or lack of staff assistance—he does not explain why he delayed another nine more months after his release from the infirmary before he filed his grievance. "[W]hen the plaintiff sued, and the defendants moved for summary judgment, it behooved him to present evidence to support his contention that he had indeed exhausted his available administrative remedies by filing a grievance as soon as it was reasonably possible for him to do so." *Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011). Coleman has furnished no evidence, let alone an explanation, supporting the good cause for his nine-month delay or the unavailability of remedies after his release from the infirmary. Therefore, the summary judgment for failure to exhaust on time was proper. *See id.*

AFFIRMED