# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1743

_____

Stephen Robert Nicholl-Embree, also known as Stephen Robert Stark

*Plaintiff - Appellant*

v.

James George, Sargent; Beth Skinner, Director; Stephen Weis, Warden; Shawn Howard, Assistant Warden; Unknown Staff

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: March 5, 2025
Filed: March 13, 2025
[Unpublished]

_____

Before GRUENDER, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Stephen Nicholl-Embree appeals the district court's[1] adverse grant of summary judgment in his pro se 42 U.S.C. § 1983 action alleging that defendants failed to protect him from an assault by a fellow prisoner. Upon careful de novo review, we affirm the finding that he failed to exhaust his available administrative remedies before filing suit. See 42 U.S.C. § 1997e(a) (prisoner may not bring action with respect to prison conditions under federal law until he has exhausted available administrative remedies); Smith v. Andrews, 75 F.4th 805, 808 (8th Cir. 2023) (standard of review). We agree with the district court that there was no genuine issue of material fact as to whether Nicholl-Embree's injuries from the assault rendered the grievance procedure unavailable to him. The undisputed record showed that Nicholl-Embree participated in disciplinary proceedings and sent kiosk messages before the grievance deadline. And during the relevant time period, a correctional counselor was available to assist him in filing a grievance, both in-person and by kiosk. See Smith, 75 F.4th at 809 (administrative remedies are unavailable when inmate is unable to file timely grievance due to physical or mental incapacity and administrative system's rules do not allow late filing); Hurst v. Hantke, 634 F.3d 409, 412 (7th Cir. 2011) (to withstand summary judgment, inmate was required to present evidence to support his contention that administrative remedies were unavailable to him due to allegedly incapacitating stroke).

Accordingly, we affirm, but we clarify that the dismissal was without prejudice. See 8th Cir. R. 47B; Porter v. Sturm, 781 F.3d 448, 452 (8th Cir. 2015) (where inmate did not exhaust remedies before filing suit, dismissal without prejudice was mandatory).

——————————————————

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.